Wilde J.
afterward drew up the opinion of the Court. This is an action of debt, on a joint contract under seal, which is averred to be the deed of the two defendants. On the trial it appeared, that at the time the deed was executed, the defendants were partners in the business of manufacturing -woollen cloths, and that the contract in question was made with the plaintiff by Shepherd, the acting partner, for the purpose of procuring a supply of wool for the use of the factory ; that it was signed by him in the name of the firm, and a seal affixed, Robbins, the other defendant, not being present. There was no evidence of assent by Robbins in writing, but parol evidence was admitted tending to show that he did in fact consent to the contract, or that after it was made he adopted and ratified it, knowing its terms and import. The jury were instructed, that if upon the whole evidence arising from the connexion as partners, and all the facts proved, they were satisfied that Robbins had read the contract and assented to it, or had been informed of a part of its contents and might have informed himself of its whole contents, yet nevertheless assented to it without further inquiry, they should find for the plaintiff. To this direction the defendants’ counsel except.
That a partner has not a general authority to bind his co-partner, by a contract under seal, without his previous assent or subsequent adoption, seems to be well settled by the current of the authorities, both in England and in this country. A most decisive opinion to this effect was given by Lord Kenyon in the case of Harrison v. Jackson, 7 T. R. 207, which has been followed in subsequent decisions with very little discussion, although a contrary doctrine had been advanced by Lord Mansfield, in the case of Mears v. Seracold, and a like doctrine was adopted by Sir Thomas Plumer in the case of Orr v. Chase, 1 Mer. 729. It is remarked by the American editor of the last London edition of Gow on Partnership, (p. 83,) that the case of Orr v. Chase is contrary to established doctrine ; and the remark appears to be borne out *411 by a series of judicial decisions, which we are not at liberty to disregard, although they do not seem to be supported by any very cogent or satisfactory reasons. 10 East, (Amer. edit.) 427, in notis.
Lord Kenyon remarks, in the case of Harrison v. Jackson, “ that it would be a most alarming doctrine to hold out to the mercantile world, that one partner had an authority to bind the others, which would extend to the case of mortgages, and would enable a partner to give to a favorite creditor a real lien on the estates of the other partners.” Whatever weight there may be in this consideration as the law relating to debtor and creditor is in England, little importance can be attached to it here, as by our laws a creditor of a firm may, on any contract, acquire by attachment a lien on the real estate of all or any of the partners. The decisions referred to, therefore, would seem to be founded altogether on a positive rigid rule of the common law in relation to deeds, which cannot fail frequently very much to embarrass the dealings of partners ; and it ought for that reason to be confined to its strictest limits.
But admitting the rule as laid down by Lord Kenyon and confirmed by subsequent decisions, we cannot perceive that it clashes at all with the instructions given to the jury in this case. The principle assumed and acted upon at the trial was, that although Shepherd derived no authority from Robbins, from his relation to him as copartner, to bind him by a contract under seal against his will, yet if Robbins consented to the contract before it was signed by Shepherd, or afterwards adopted it knowing its import, it would bind him. And this principle appears to be well supported by modern decisions, which I will refer to very briefly.
In the cáse of Ball v. Dunsterville, 4 T. R. 313, it was decided, that if a partner seal a deed with one seal for and on behalf of himself and his copartner, and by the authority and in the presence of the other, it is a good execution of the deed for both. The same principle was admitted as settled law two centuries since, in Lord Lovelace's case, W. Jones, 268. It was there laid down, that “If one of the officers of the forest put one seal to the rolls, by assent of all the verderers, regarders and other officers, it is as good as if every one had put *412 his several seal ; as in case divers men enter into an obligation, and they all consent, and set but one seal to it, it is a good obligation of them all.” The same rule of law was admitted in the case of Ludlow v. Simond, 2 Caines’s Cas. in Er. 42.
In the case of Brutton v. Burton, 1 Chit. Rep. 707, it was decided that a warrant of attorney under seal, executed by one person for himself and his partner, in the absence of the latter, but with his consent, is a sufficient authority for signing judgment against both.
In the case of Ball v. Dunsterville some importance seems to have been attached to the circumstance, that both partners were present when the deed was executed ; and it may be important, as being the most satisfactory proof of the assent of the non-subscribing partner ; but in no other respect does it appear to be material.
In the case of Mackay v. Bloodgood, 9 Johns. R. 285, the decision was substantially the same as that of Brutton v. Burton. The case of Mackay v. Bloodgood, .was on an arbitration bond, and it appeared in evidence that the bond was executed in the name of the firm, with one seal only affixed, by one of the partners, with the consent of the oth» r, who had before seen and approved of the bond, and who v as about the store at the time of the execution, but was not actually present where- the bond was executed. It was contended that a partner could not bind his copartner by deed, unless he is authorized by deed ; but it was decided, that the bond was binding on both partners. The circumstance that the partner who did not execute the bond, was about the store at the time the bond was executed, is noticed by the court, but we cannot perceive how it could in any way affect the decision of the case.
The principle assumed in these cases is strongly supported by the decision in the case of Skinner v. Dayton et al., 19 Johns. R. 513. The point in question was in that case very fully and ably discussed and considered ; and it was decided, that although one partner could not bind his copartner by deed or writing under seal, without an express authority for that purpose ; yet that such authority may be by parol, and if shown, or if the other partner had, by his subsequent assent or *413 acts, ratified the contract, he would be equally responsible w’th the partner who executed the contract. “ Both at law and in equity,” says Spencer C. J., “ the subsequent assent of the principal to the act of an agent, in relation to the interest and affairs of the principal, is equivalent to a positive and direct authorization to do the act ”— “ such subsequent assent is an adoption of the act of the agent.”
The same principle as to the retroactive effect of a ratification of a contract, is maintained in the case of Randall v. Van Vechten et al., 19 Johns. R. 60, and in the case of Bank of Columbia v. Patterson’s adm’r, 7 Cranch, 297. So also in the case of Marsh v. Gold et al., 2 Pick. 289, it was held that a promise made by a partner in his own name and that of his copartner, but without authority from him, was nevertheless binding on the copartner, he having subsequently assented to the contract.
The same principle is laid down in the case of Darst et al. v. Roth, 4 Wash. C. C. R. 471, and in numerous other cases.
From a consideration of these authorities we think it cannot well be doubted at the present day, notwithstanding what Gibbs C. J. says in the case of Steiglitz v. Egginton, 1 Holt’s N. P. Cas. 141, that a partner may bind his copartner by a contract under seal, made in the name and for the use of. the firm, in the course of the partnership business, provided the copartner assents to the contract previously to its execution, or afterwards ratifies and adopts it; and that this assent or adoption may be by parol. We think the modern decisions fully maintain these positions ; and they are not wholly unsupported by ancient authorities. Lord Lovelace’s case, already referred to, is directly in point. And in Co. Lit. 231, Lord Coke cites a case from the Year Books, which is a strong case in support of the doctrine contended for by the plaintiff’s counsel. It was an action of covenant to recover a sum in gross for the non-performance of conditions mentioned in an indenture of lease between A. of the one part and D. and R. of the other part. A. sealed and delivered the indenture to D., and D. sealed the counterpart to A., but R. did not seal and deliver it; he however agreed to the lease, and on that ground he was held *414 chargeable on the collateral covenant, as well as for payment of rent, and the writ abated because R. was not joined in the action. So it is, if an infant continues in possession after his full age, of lands demised to him during his minority, he thereby affirms the lease. 1 Rol. Abr. 731, Enfants, K.
We are very much confirmed in the opinion we have formed on this part of the case, by a recent decision of the Superior Court for the city of New York, in the case of Gram v. Seton Bunker, 1 Hall’s Rep. 262. The point in question is very fully and ably discussed by Jones C. J., who delivered the opinion of the court, and his reasoning seems to us to be entirely satisfactory and conclusive.[1]
The other questions raised on this report I shall very briefly notice. It was objected, that the declarations of Shepherd, made after the dissolution of the copartnership, relating to the performance of the contract on the part of the plaintiff, ought not to have been admitted as competent evidence. On this point there are many conflicting decisions, to which, however, I do not think it necessary particularly to advert. The rule is, wfe think, correctly laid down by Mansfield, C. J., in the case of Wood et al. v. Braddick, 1 Taunt. 103. “ The admission of one partner, made after the partnership has ceased, is not evidence to charge the other, in any transaction which has occurred since their separation ; but the power of partners with respect to rights created pending the partnership, remains after dissolution.” This rule of law has been frequently recognised with unqualified approbation, (Lacy v. M'Neil, 4 Dowl. & Ryl. 7 ; Gow on Partn. 90,) and is I think the settled law of England at the present day, notwithstanding the contradictory opinions which have since prevailed in relation to the admissions made by a partner as to debts barred by the statute of limitations. And but for these conflicting opinions,
*415 tne rule in the leading case of Wood et al. v. Braddick, would not, I apprehend, have been ever questioned. But these conflicting opinions do not, that I can perceive, at all affect the rule in question, in relation to outstanding subsisting demands against partners or joint promisors, which are not barred by the statute. Those who hold that the promise or acknowledgment of one of two partners or joint promisors is not sufficient to take a case out of the statute, assume the principle that such a new promise or acknowledgment is a new and independent cause of action, and this principle being conceded, the conclusion drawn from it is just; but it does not impugn the rule in question, which we consider well established by a series of judicial decisions and is certainly the law of this commonwealth. 17 Mass. R. 222 ; 2 Pick. 581 ; White v. Hale, 3 Pick. 291 ; 5 Pick. 414 ; Hathaway v. Haskell, 9 Pick. 42.[1] This rule however is denied and a contrary doctrine is advanced by Spencer C. J., in the case of Walden v. Sherburne et al., 15 Johns. R. 409. He maintains that one partner cannot, after a dissolution, bind his copartner by acknowledging an account, any more than he can give a promissory note to bind him, and he thinks there is more safety in this doctrine than in the contrary one. Undoubtedly it may be more safe for the fraudulent debtor, but it is less just to the honest creditor. With great deference, therefore, to that eminent judge, for whose opinions I entertain the highest respect, T cannot but think that the rule laid down in the case of Wood et al. v. Braddick, is a sufficiently safe rule of evidence, and well adapted to the discovery of truth and the due administration of justice. Indeed the rule, in connexion with the legal remedy on joint contracts, seems not only proper, but indispensable. The dissolution of a partnership does not discharge the partners from their liability on contracts made during the continuance of the partnership ; all must be sued ; and a separate recovery cannot be had against any one of the partners. In respect, therefore, to such contracts and liabilities, it is im *416 material whether the confessions of any one of the partners was made before or after the dissolution. Whether the other partners are necessarily and conclusively bound by such confessions, is a different question. Doubtless they may disprove the truth of such confessions ; they may prove payment, or any other discharge of the claim, or that the contract or claim had never any legal validity. But that the confessions of any one of the defendants, in an action against several, on a joint contract, may be' given in evidence against them, the joint contract being first proved aliunde, cannot, we think, be reasonably doubted.[2]
As to the objection that the wool was not delivered at the place named in the contract, we think it clear that it cannot be maintained. The plaintiff delivered the wool contracted for at the place appointed by Shepherd, and it was accepted under the contract. The place of delivery was immaterial under the circumstances of the case. If there were any technical objection to the plaintiff’s recovery on the special count on the contract, he clearly might have judgment on the other counts.

Judgment according to verdict.

 See Van Deusen v. Blum, 18 Pick. 229; Persen v. Carter, 3 Murphey, 322; Halsey v. Whitney, 4 Mason, 231; Taylor’s case, 1 P. A. Browne, App. 73; Story on Partn. § 119 et seq.; Anderson v. Tompkins, 1 Brock. C. C. R. 462; Sale v. Deshman, 3 Leigh, 548. The rule, that a partner cannot bind his copartner by deed, does not apply to a conveyance of property by deeo which might have been conveyed without deed, as, for instance, a sí aled mortgage of the goods of the firm. Tapley v. Butterfield, 1 Metc. 515.

 By Rev. Stat. c. 120, § 14, no joint contractor shall lose the benefit of the statute of limitations by reason of any acknowledgment or promise made by a r,o-cor tractor.

 See Parker v. Merrill, 6 Greenl. 41; Baker v. Stackpoole, 9 Cowen, 433 Hopkins v. Banks, 7 Cowen, 650; Story v. Barrell, 2 Connect. R. 665 ; Pritchard v. Draper, 1 Russ. & Mylne, 191; Stead v. Salt, 10 Moore, 393; Brishan v. Boyd, 4 Paige, 17; Bridge v. Gray, 14 Pick. 55; Vinal v. Burrill, 16 Pick. 401.